# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 3:13-00036 |
| | ) | Judge Trauger |
| JOSHUA GRANDERSON | ) | |

## MEMORANDUM and ORDER

The defendant has filed a Renewed Motion For Judgment of Acquittal (Docket No. 219), to which the government has responded in opposition (Docket No. 220). The defendant was tried by jury in November 2014 and convicted of four counts of drug distribution, with sales taking place between December 5, 2012 and January 3, 2013.

The defendant has requested an acquittal under Rule 29(c), FED. R. CRIM. P. A motion for judgment of acquittal on the basis of insufficient evidence calls upon the court to examine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This review is quite limited . . . . [The] court does not weigh evidence, make credibility determinations, or substitute its judgment for that of the jury." *United States v. Owusu*, 199 F.3d 329, 341-42 (6th Cir. 2000) (internal citations omitted).

"The government must be given the benefit of all inferences which can reasonably be drawn from the evidence, even if the evidence is circumstantial. It is not necessary that the evidence exclude every reasonable hypothesis except that of guilt." *United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004) (internal citations omitted). "Circumstantial evidence alone, if

1

substantial and competent, may sustain a conviction under this deferential standard of review." *United States v. Beverly*, 369 F.3d 516, 531 (6th Cir. 2004) (internal citations omitted).

The defendant argues that he presented sufficient proof of an entrapment defense and that the government did not prove his predisposition to distribute drugs beyond a reasonable doubt. The law is clear that the government must prove beyond a reasonable doubt "that the defendant had the inclination to commit the crime with which he is charged, and that his criminal inclination did not possibly result from the seductions of Government agents. . . . Where the Government simply gives the defendant 'an opportunity to commit a crime,' and the defendant accommodates by committing a crime, the entrapment claim is unavailable." *United States v. Kussmaul*, 987 F.2d 345, 349 (6th Cir. 1993) (internal citations omitted).

The proof at trial on predisposition was substantial. First, the defendant had a 2006 conviction for possession of cocaine with intent to sell. Second, the defendant was found in possession of 3.67 grams of powder cocaine when he was arrested in September 2012, just a few months before the sales of powder and crack cocaine in this case.[1]

Significant proof of predisposition came from the testimony of Jennifer Addington, the confidential informant in this case, who had been a girlfriend of the defendant's in 2011-12. She testified that, after a traffic stop, police gave her an opportunity to "work off the charges" by making buys from "known drug dealers." As police went through her telephone contacts with her, she identified the defendant as a known drug dealer from whom she could make buys.

Ms. Addington began contacting the defendant to secure drugs from him. She testified

---

[1]The confidential informant, Jennifer Addington, who was a former girlfriend of the defendant, testified that he did not use crack or powder cocaine. Thus the jury could have concluded that the powder cocaine found in his possession at this time was for sale, not use.

2

that, shortly before the first buy, she had bought cocaine for her then-boyfriend from the defendant. She further testified that, during their eight-month relationship, she had seen him cook crack cocaine on at least two occasions and heard him making drug deals on the telephone on at least five occasions. She also saw him frequently packaging drugs and maintained that he did not use powder cocaine or crack himself.

The defendant took the stand and testified that he, in fact, was a drug user and that he knew where to get drugs because he procured them for his own use. He maintained that Ms. Addington had never seen him cook crack or sell drugs. He testified that he procured the drugs for Ms. Addington and the undercover officer to whom she introduced him because she gave him a sob story about being broke and needing the money from reselling the drugs that he would procure for her.

The jury was properly instructed on entrapment and clearly believed the testimony of Ms. Addington and others over that of the defendant. The court finds that a rational trier of fact could have found against the defendant on his entrapment defense under this evidence. Therefore, the defendant's Renewed Motion For Judgment of Acquittal (Docket No. 219) is **DENIED**.

It is so **ORDERED.**

Enter this 27th day of January 2015.

	ALETA A. TRAUGER
	United States District Judge